USCA1 Opinion

 

 [NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 98-1116

 UNITED STATES,

 Appellee,

 v.

 RICHARD D. MANGONE,

 Defendant, Appellant.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. William G. Young, U.S. District Judge]

 Before

 Selya, Stahl and Lynch,
 Circuit Judges.
 
 

 Bruce Green on brief for appellant.
 Donald K. Stern, United States Attorney, Paul G. Levenson and
Victor A. Wild, Assistant United States Attorneys, on brief for
appellee.

September 28, 1998

 
 

 
 Per Curiam. Richard D. Mangone appeals from a ruling
 made during his resentencing, following a remand ordered by
 this court. See United States v. Mangone, 105 F.3d 29 (1st Cir.
 1997). He does not appeal from the sentence itself, which was
 within the applicable guideline sentencing range. The specific
 issue is whether the district court erred in refusing Mangone's
 request at his resentencing hearing that the proceedings be
 conducted before a different judge. The request stemmed from
 defense counsel's contention that arguments that the government
 made in its sentencing memorandum violated a stipulation
 entered by the parties regarding the amount of the loss
 attributable to Mangone for purposes of calculating an offense
 level under the fraud guideline. See U.S.S.G. 2F1.1. 
 At Mangone's initial sentencing, the parties informed
 the court that they had agreed upon the following stipulation:
 The parties stipulate . . . that for the
 purposes of calculating loss under the
 Section 2F1.1, that the loss attributable
 to Mr. Mangone's offense is in the range
 of ten to $20 million. The stipulation
 reserves for the defendant the right to
 argue that even those numbers overstate
 the seriousness of the offense, and the
 stipulation reserves for the government
 the right to seek restitution in an amount
 above $20 million, on the grounds that the
 actual losses attributable to a variety of
 causes, but related to loan, fraudulent
 loans, were above the $20 million figure.
 
 Addendum to Appellant's Brief, pp. 14-15. The stipulation was
 entered after Mangone was tried and convicted. It was not made
 as part of a guilty plea.
 Mangone argues on appeal, as he did below at his
 resentencing hearing, that the government violated the terms of
 the stipulation by arguing in its sentencing memorandum that 1)
 the actual loss exceeded the amount stipulated to, and 2) the
 dollar amount of the loss understated the harmfulness and
 seriousness of Mangone's conduct. See U.S.S.G. 2F1.1, comment.
 (n.9) (1990).
 I. Actual Loss Exceeded Stipulated Loss Amount
 On appeal, Mangone argues that the government
 "challenge[d] the existence of a fact to which they stipulated
 to." Appellant's Brief, p. 10. The "fact" that the parties
 stipulated to, however, was that "for the purposes of
 calculating loss under the Section 2F1.1, . . . the loss
 attributable to Mr. Mangone's offense is in the range of ten to
 $20 million." The parties did not stipulate that the actualloss, or the loss for any other purposes, was within that
 range. To the contrary, the stipulation articulated the
 government's position that the "actual" amount of the loss, for
 purposes of calculating restitution, exceeded $20 million. The
 stipulation did not bar the government from restating that
 position in its sentencing memorandum, where it expressly
 stated that an upward departure on that basis would not be
 defensible.
 II. Dollar Loss Understates Seriousness of Offense
 Although there is no express promise to the effect,
 Mangone argues that the stipulation contained an implied
 promise that the government would not argue for an upward
 departure on the ground that the stipulated loss amount
 understates the seriousness of the offense. He argues that the
 promise should be inferred from his specific reservation of the
 right to make the opposite argument: that the stipulated loss
 amount overstates the seriousness of the offense.
 Neither the guidelines nor logic alone supports
 Mangone's argument. There is nothing necessarily contradictory
 about agreeing to a dollar amount of the loss but arguing, as
 the government did in its sentencing memorandum, that the
 monetary calculation understates the seriousness of the offense
 as measured by non-economic factors: "impact on individuals and
 upon the community." Appellee's Addendum, p. 7. The guidelines
 expressly recognize that "[d]ollar loss often does not fully
 capture the harmfulness and seriousness of the conduct."
 2F1.1, comment. (n.9). Therefore, merely that the stipulation
 contained an agreement to the dollar amount of the loss for
 purposes of calculating the offense level under 2F1.1 is not
 reason to assume that the stipulation barred the parties from
 arguing that the dollar amount under- or overstated the
 seriousness of the offense.
 Neither does Mangone's express reservation of the
 right to argue that the dollar amount of the loss overstates
 the seriousness of the offense compel a finding that the
 government had no right to make the reciprocal argument that
 the seriousness of the offense was understated by the dollar
 amount of the loss. It is equally reasonable to assume that if
 Mangone had the right to make his overstatement argument, the
 government was not prohibited from making the opposite
 argument. Mangone has failed to adequately explain why the
 court should read into the stipulation a promise that is not
 contained therein and does not logically follow from the
 parties' stipulation to the dollar amount of the loss for
 purposes of 2F1.1. 
 "[T]o be availing, a party's expectation must be
 reasonable." United States v. Hogan, 862 F.2d 386, 388 (1st
 Cir. 1988). We conclude that it was unreasonable for Mangone
 to read into the stipulation to the dollar amount of the loss,
 a promise that the government would not argue that the dollar
 amount understates the seriousness of the offense. Therefore,
 Mangone's argument that the government broke that promise is
 without merit. See United States v. Connolly, 51 F.3d 1, 4
 (1st Cir. 1995) (rejecting defendant's interpretation of plea
 agreement where it "would not be reasonable to read the
 agreement to establish . . . a promise by the government not to
 move for a departure"); United States v. Miller, 993 F.2d 16,
 20 (2d Cir. 1993) (no breach where there was "no basis in the
 Guidelines or in logic for Miller's proposition that an
 agreement by the government not to oppose a defendant's motion
 for a downward departure should, in the absence of an express
 agreement, bar the government from seeking an upward departure
 on appropriate grounds"). The district court did not err in
 denying Mangone's request to be resentenced by a different
 judge.
 Mangone's sentence is affirmed. See Loc. R. 27.1.